**Brian C. Hickman, OSB No. 031096**
bhickman@gordon-polscer.com
**Coral E. Muessig, OSB No. 243882**
cmuessig@gordon-polscer.com

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road
Suite 560
Tigard, Oregon 97223
Telephone:    (503) 242-2922
Facsimile:    (503) 242-1264

*Attorneys for Plaintiff*
*Next Insurance US Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NEXT INSURANCE US COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>REALITY HOMES, INC.; S.I. CONSTRUCTION LLC; and ZNA CONSTRUCTION, LLC;<br><br>Defendants. | Case No.<br><br>COMPLAINT<br><br>DECLARATORY RELIEF<br>28 U.S.C. § 2201 |

COMES NOW the Plaintiff, Next Insurance US Company ("Next Insurance") by and through its attorneys of record, Gordon & Polscer, L.L.C., and as a Complaint against Defendants states as follows:

/ / /

/ / /

COMPLAINT                                                                                                              Page 1
(Declaratory Relief)

## PARTIES AND JURISDICTION

1.

Plaintiff Next Insurance is a company organized under the laws of the State of Delaware, with its principal place of business in California.

2.

Upon information and belief, Reality Homes, Inc. ("Reality Homes") is a Washington corporation with its principal place of business in Oregon.

3.

Upon information and belief, S.I. Construction LLC ("S.I. Construction") is an Oregon limited liability company with its principal place of business in Oregon.

4.

Upon information and belief, ZNA Construction, LLC ("ZNA") is an Oregon limited liability company with its principal place of business in Oregon.

5.

Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1332 given the diversity of citizenship of the parties and because the amount in controversy exceeds the statutory minimum of $75,000 in 28 U.S.C. § 1332.

## REQUEST FOR DECLARATORY JUDGMENT

6.

A present and actual controversy exists regarding Next Insurance's obligations to ZNA pursuant to the applicable Next Insurance Commercial General Liability Policy under which ZNA is an insured (policy number NXTVT3LCYK-00-GL, the "Policy"). The Policy was issued to ZNA for the June 6, 2022 – June 6, 2023 policy period, with limits of $1,000,000 per

occurrence / $2,000,000 aggregate. The Policy is attached hereto as Exhibit 1. Next Insurance, therefore, seeks and is entitled to a declaration of the rights of the parties pursuant to ORS 28.010.

## FACTUAL BACKGROUND

7.

Upon information and belief, Claimants Adrienne and Ted Park ("Underlying Claimants") are the owners of the real property located at 40634 Rogers Mountain Loop, Scio, Linn County, Oregon (the "Home").

8.

On or about July 21, 2023, Underlying Claimants filed an Arbitration Claim against Reality Homes with the Arbitration Services of Portland ("the Arbitration Claim") alleging defects with, and damages to, their Home. The Arbitration Claim asserts claims against Reality Homes for negligence, negligence per se, breach of contract, violation of the Unlawful Trade Practices Act, and negligent misrepresentation arising out of the construction defects on the Home. The Arbitration Claim asserts repair damages of $275,000 and estimates total damages of $300,000. The Arbitration Claim is attached hereto as Exhibit 2.

9.

On or about November 16, 2023, Realty Homes filed a Complaint in the Circuit Court for the State of Oregon for the County of Linn, Case No. 23CV47096 ("the Underlying Complaint"), against multiple defendants. The Underlying Complaint asserts claims against subcontractors, including Defendant S.I. Construction, for contribution, breach of contract, and contractual indemnity arising out of the alleged construction defects on Underlying Claimants' Home. A copy of the Underlying Complaint is attached hereto as Exhibit 3.

10.

On or about February 24, 2024, S.I. Construction filed a Third-Party Complaint in the Circuit Court for the State of Oregon for the County of Linn, Case No. 23CV47096 ("the Third-Party Complaint"), against ZNA. The Third-Party Complaint asserts claims against ZNA for breach of contract and negligence / contribution. A copy of the Third-Party Complaint is attached hereto as Exhibit 4.

11.

The Policy provides insurance, subject to the terms, conditions, limitations, endorsements and exclusions contained therein, including the following provisions:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

/ / /

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption

        of that "bodily injury" or "property damage" after the end of the policy period.

    **d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        **(1)**  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

        **(2)**  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        **(3)**  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

        \*\*\*

**SECTION V – DEFINITIONS**

        \*\*\*

**16.** "Products-completed operations hazard":

    **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

  **(1)** Products that are still in your physical possession; or

  **(2)** Work that has not yet been completed or abandoned.

   However, "your work" will be deemed completed at the earliest of the following times:

   **(a)** When all of the work called for in your contract has been completed.

   **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

***

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – PRIOR COMPLETED**

**AND ABANDONED WORK**

/ / /

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

A.  The following is added to **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions:**.

This insurance does not apply to:

**1.** "Bodily injury" or "property damage" arising out of "your work" completed or "abandoned' prior to the earliest inception of continuous coverage with us.

B.  Paragraph 16.a.(2) of **SECTION V – DEFINITIONS** is deleted in its entirety and replaced by the following:

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

/ / /

COMPLAINT  Page 9
(Declaratory Relief)

    **C.**    The following is added to **SECTION V – DEFINITIONS**:

"Abandoned" means a project on which you have stopped work or upon which you have not provided labor, materials or services for 60 days.

All other terms and conditions of the policy remain unchanged.

**Form NXUS-GL-2013.1-0218**

***

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – CONTINUOUS OR**

**PROGRESSIVE INJURY AND DAMAGE**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION I - COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** section **1. Insuring Agreement,** paragraph **b.(3)**, paragraph **c.**, **and** paragraph **d.**, **(1)**, **(2)**, **(3)** are replaced by the following**:**

**c.**    This insurance does not apply to any damages because of or related to "bodily injury", "property damage", or "personal and advertising injury":

    **(1)**    which first existed, or alleged to have first existed, prior to the inception of continuous coverage written with us; or

  **(2)**  which are, or are alleged to be, in the process of taking place prior to the inception of continuous coverage written with us, even if the actual or alleged "bodily injury", "property damage", or "personal and advertising injury" continues during this policy period; or

  **(3)**  which were caused, or are alleged to have been caused, by the same condition which resulted in "bodily injury", "property damage", or "personal and advertising injury" which first existed prior to the inception of continuous coverage written with us.

We shall have no duty to defend any insured against any loss, claim, "suit", or other proceeding alleging damages arising out of or related to "bodily injury", "property damage" or "personal and advertising injury" to which this endorsement applies.

All other terms and conditions of the policy remain unchanged.

**Form NXUS-GL-2014.1-0218**

***

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – PRIOR DAMAGES**

This endorsement modifies insurance provided under the following:

/ / /

/ / /

COMPLAINT   Page 11
(Declaratory Relief)

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A.  The following exclusion is added to **SECTION I – COVERAGES, Coverage A Bodily Injury and Property Damages Liability,** paragraph **2. Exclusions** and to **SECTION I – COVERAGES, Coverage B Personal and Advertising Injury Liability,** paragraph **2. Exclusions** and to **SECTION I – COVERAGES, Coverage C Medical Payment,** paragraph **2. Exclusions**

This insurance does not apply to:

**Prior Damages**

"Bodily injury", "property damage", "personal and advertising injury" and medical payments arising out of any damage, defect, deficiency, inadequacy or dangerous condition which existed prior to the inception of the policy period shown in the Declarations of this Policy, whether visible or invisible, detected or undetected, known or unknown, to any Insured before such inception date. This exclusion shall apply whether or not the Insured's legal obligation to pay damages in respect of such damage, defect, deficiency, inadequacy or dangerous condition was established before the inception date of this policy.

This exclusion shall be applicable to all damage(s), defect(s), deficiency(ies), inadequacy(ies) or dangerous condition(s) including, but not limited to, damage, defect, deficiency, inadequacy, or dangerous condition.

"Bodily injury", "property damage", "personal and advertising injury" and medical payments arising out of any damage, defect, deficiency, inadequacy or dangerous

      condition shall be deemed to have existed as of the earliest date by which any damage occurred, irrespective of whether the Insured was aware of the existence of any such damage, and irrespective of whether such damage may have been continuous or progressive or may have been due to repeated exposure to substantially the same harmful conditions or may have become progressively worse during the period of this Policy.

**B.**      For purposes of this endorsement only, Insured shall include any Named Insured or Insured as defined by this Policy, their officers, directors, partners, project managers, risk managers or any person acting in similar capacities.

All other terms and conditions of the policy remain unchanged.

**Form NXUS-GL-2019.1-0218**

12.

In addition to the language above, the Policy includes numerous other terms and exclusions that may limit or eliminate coverage including, but not limited to, the exclusions for Damage to Property, Damage to Your Product, Damage to Your Work, and Damage to Impaired Property or Property Not Physically Injured.  Next Insurance reserves all of its rights and defenses under the terms, conditions, and exclusions of the Policy.

13.

Next Insurance has agreed to defend, and is defending, ZNA against the Underlying Complaint, subject to a complete reservation of rights.

/ / /

/ / /

/ / /

14.

A dispute exists between Next Insurance and ZNA concerning the existence of any coverage under the Policy and/or the scope and extent of Next Insurance's duty to defend and indemnify ZNA against the claims stated in the Third-Party Complaint.

15.

Reality Homes and S.I. Construction have been included in this complaint because their interest in any judgment that may be obtained against ZNA relating to the Underlying Complaint and Third-Party Complaint could be impacted by the decision in this case.

## CLAIM FOR RELIEF

### Declaratory Judgment

16.

Next Insurance incorporates by reference the allegations in paragraphs 1-15 above.

17.

ZNA was retained by S.I. Construction to provide labor and equipment for the construction project that gave rise to the Underlying Complaint and the Third-Party Complaint. ZNA was involved in the installation of framing and related components on the Home. Investigation has revealed that damage to the lumber used on the Home was prior to the policy period. Further investigation revealed that the insured's work was between October 1, 2021 and November 13, 2021, which is well prior to Next Insurance's policy inception. Pursuant to these facts and the terms of the Policy as referenced above, there is no coverage under the Policy for the claims against ZNA. Therefore, Next Insurance respectfully requests a declaration confirming that it has no duty to defend and/or indemnify ZNA with respect to the claims presented in the Third-Party Complaint and may withdraw from ZNA's defense.

In the alternative, if Next Insurance does have any duty to defend or indemnify ZNA, Next Insurance respectfully requests a declaration such duty is limited consistent with the terms of Policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Next Insurance requests judgment in its favor as follows:

1. A declaration that Next Insurance has no duty to defend and/or indemnify ZNA with respect to the Third-Party Complaint;

2. A declaration that Next Insurance may withdraw from the defense of ZNA with respect to the Third-Party Complaint;

3. Or, in the alternative, if Next Insurance does have a duty to defend or indemnify or defend ZNA, that such duty is limited consistent with the terms of Policy;

4. An award of all costs and expenses herein; and

5. For such other relief as this court deems appropriate.

DATED this 15th day of August, 2025.

Respectfully Submitted:

**GORDON & POLSCER, L.L.C.**

By: *s/ Brian C. Hickman*
Brian C. Hickman, OSB No. 031096
bhickman@gordon-polscer.com

By: *s/ Coral E. Muessig*
Coral E. Muessig, OSB No. 243882
cmuessig@gordon-polscer.com

*Attorneys for Plaintiff*
*Next Insurance US Company*